[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The defendant Commissioner of Transportation on June 21, 1989, condemned a portion of property owned by the plaintiff in East Granby, Connecticut, and assessed damages at $82,250. Claiming the award was inadequate, the plaintiff has appealed to this Court.
The property consists of 6.794 acres in the Town of East Granby. It is located at the intersection of Route 20 and Bradley Park Road and in close proximity to Bradley Field. Two buildings located on the property are used for industrial purposes and are claimed to be affected by the condemnation. The portion of land was taken for the purpose of widening the two highways. The taking consists of 0.566 acre and a right over 0.010 acre to construct a driveway. The land involved in the taking was a strip of land about 30 feet in width along Bradley Park Road and a similar strip about 30 feet in width along Route 20. Before the taking, the front yards on each highway were substantially 50 feet in width. After the taking, the front yards on both streets are non-conforming — on Bradley Park Road it is now only about 42 feet, or 8 feet non-conforming — and on Route 20 it is about 20 feet or about 30 feet non-conforming. Testimony by engineering witnesses indicated some minor variations from the above distances. This further testimony also showed that there was some non-compliance with zoning prior to the date of taking. Neither of the two buildings involved complied with zoning regulations after the taking.
It is found that access to one of the buildings, (Building C) by large trucks is to some degree affected, and further that certain improvements were involved. The further finding is made that said Building C encroached into the buffer area along Route 20.
The plaintiff's appraiser has found the total damages to be $381,000; the defendant's appraiser has found the damages to be $105,000.
The plaintiff claims that there is a resulting coverage violation in that the property now violates the land coverage limit of 60% now prescribed by the zoning ordinance. The CT Page 2122 parties are at issue as to whether all three of the plaintiff's lots should be considered in determining this question. The defendant claims this should be the case. The plaintiff, however, points to certain facts which he claims indicate that only two lots should be considered. It all three lots were required, the third lot (so-called No. 14) would seriously diminish in value. It should also be need that if all three lots are used, the property would not be in violation either before or after the taking; if however, only two lots are considered, there would be a violation both before and after the date of taking.
Other zoning problems have resulted. Portions of the two buildings encroach improperly into the buffer zone. Also the provision as to parking in the area is now violated to a greater degree. It is recognized that, prior to the taking, there were instances of non-conformance with zoning. However, there is now an increase in the degree of non-conformance. It is recognized that prior to the condemnation, this property was being operated in accordance with a site plan that had been approved by the Town. In calculating severance losses, the trial court must consider the changes contemplated and those which are so possible of occurrence in the future that they may reasonably be held to affect market value. Even though it is likely that variances would be obtained in this case, a potential buyer would be likely to discount the market value of the property to a minor degree on the basis that such a proceeding might be costly and possibly might not succeed. Alemany v. Commission of Transportation,215 Conn. 437, 447-8.
As plaintiff's counsel points out, the defendant's appraiser has failed to give any material consideration to the zoning aspects because he felt that all necessary variances would be granted. In the absence of that, however, it is concluded that his appraisal of damages is substantially within reasonable limits.
As to the probability of variances being granted, the evidence indicates that approval will in all likelihood be granted.
In deciding a case of eminent domain, a referee's function has been often stated. Ultimately, his determination of the value of the property depends upon his considered judgment, taking into consideration the divergent opinions expressed by the witnesses and the claims of the parties. New Haven Savings Bank v. West Haven Sound Development, 190 Conn. 60, 69. He may breach his own conclusion as to value by weighing the opinions of the appraisers, the claims of the parties in view of all the circumstances in evidence bearing on value and his own general knowledge of the elements affecting value, selecting the cost appropriate method of valuation under the facts found. Wronoski CT Page 2123 v. Redevelopment Agency, 180 Conn. 579, 596; Pandolfe's Auto Parts Inc. v. Manchester, 181 Conn. 217, 220.
Based upon a viewing of the subject property and after giving full consideration to all the evidence offered by the parties and my own knowledge of the elements constituting value, it is concluded that the damages sustained by the plaintiff are $150,000. Judgment may enter for the plaintiff for the further sum of $67,750 in addition to the $82,250 already said, with interest at 10% on said further sum of $67,750 from the date of the taking (June 21, 1989) to the date of payment together with costs and an allowance of appraisal fees of $2,000.
John M. Alexander, State Trial Referee